IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 DEC 29 P 4 05

KAREN A. SCOTT,

   PLAINTIFF,

V.

    CIVIL ACTION NO. 2:06-CV-1157-WKW

WHITFIELD FOODS, INC.

    JURY DEMAND REQUESTED

   DEFENDANT.

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

**A. JURISDICTION**

  1. Comes now the Plaintiff, Karen A. Scott, (hereinafter referred to as "Plaintiff Scott"), and by and through her counsel, files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court pursuant to applicable laws under 28 U.S.C. § 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the **Civil Rights Act of 1964,** as amended, (42 U.S.C. § 2000 (e) et seq.), the 1991 Civil Rights Act, 42 U.S.C. 1981, 1981a; Code of Alabama Sections 6-5-101 et seq.(Fraud); Code of Alabama Section 6-5-182, (Defamation), to provide injunctive relief, the costs of suit, including reasonable attorneys fees, back pay, compensatory and punitive damages, and all other or different relief the Court may deem appropriate and necessary.

  2. Plaintiff Scott filed a charge of race, sex, and retaliation discrimination, Charge No. 130-2006-00682 on February 3, 2006 (See copy of discrimination attached hereto and marked as Exhibit "A"), with the Equal Employment Opportunity Commission,

("EEOC"), Birmingham District Office, against Whitfield Foods, Inc. On October 2, 2006, (See copy of the EEOC's Dismissal and Notice of Rights issued to Plaintiff for EEOC Charge No.#420 2006 00682 and received on October 6, 2006, Exhibit "B").

3. The unlawful employment practices which are alleged herein were committed in the County of Montgomery, the City of Montgomery, which is in the Middle District of Alabama. Since Defendant's place of business is located in Montgomery, Alabama, venue is also appropriate in the Middle District of Alabama, Northern Division.

## B. PARTIES

4. Plaintiff Scott is over the age of nineteen (19) years, and at all times relevant hereto, is a citizen of the United States of America and a resident at 4012 Llyde Lane, Montgomery, AL 36106.

5. Defendant Whitfield Foods, Inc. (hereinafter referred to as "Defendant"), has its primary place of business and agent located at 1101 North Court Street, Montgomery, AL 36104.

## C. STATEMENT OF FACTS

6. Plaintiff Scott an African American female, who resides at 4012 Llyde Lane, Montgomery, Alabama 36106 was discriminated against by the Defendant.

7. Plaintiff Scott avers that she was an employee of Defendant, and Whitfield Foods, Inc. who was employed as an operator. Plaintiff avers that she worked for Whitfield Foods, Inc. for approximately six (6) years. Plaintiff Scott avers that she was a faithful, loyal and dedicated employee, who faithfully served and contributed to the success of Whitfield Foods, Inc. with dignity and honor. Plaintiff Scott received some reprimands that were overturned after investigations and some

other reprimands that were in retaliation due to filing prior complaints with the Union and filing prior charges with the EEOC.

8. Plaintiff Scott was subjected to discriminatory remarks, epithets, jokes, ridicule, disparate treatment, etc.

9. Plaintiff Scott avers that Defendant falsified its records in order to terminate Plaintiff from her job. Plaintiff did not threaten to physically injure certain employees and she did not initiate an altercation with an employee in front of other staff members, including managers. To the contrary, Plaintiff related truthfully charges against George Lewis and Tawanna Palmer. Plaintiff avers that her termination was retaliation against her because she had previously filed EEOC charges in 2005 and 2006. Plaintiff Scott avers that she was fraudulently misrepresented continuously and thereby damaged tremendously.

10. Plaintiff avers that she was subjected to defamation of character made by the Defendant, which was published or spoken.

11. Plaintiff Scott avers that the retaliation towards her by the Defendant was effected with the design, intent and purpose of subjecting Plaintiff to a hostile work environment, such as, George Lewis, her manager, embarrassing her before her manager, Larry Jones.

12. Plaintiff believes that she was discriminated against due to her race, sex, and retaliation discrimination.

13. Plaintiff Scott, a African American female believes that she was discriminated against and terminated, due to race, sex and retaliation discrimination inasmuch as when I applied for several jobs, white males and black males were hired, even though my experience and qualifications exceeded those who got the job. I am a black female

with six years on the job with employer Whitfield.

14. Plaintiff Scott avers that she was subjected to race, sex, hostile work environment, retaliation discrimination, fraud and defamation of character by Defendant with the intent, and purpose of denying her employment. Plaintiff further avers that said discrimination is in violation of Title VII of the Civil Rights Laws and all amendments thereto.

15. Plaintiff Scott further avers that Defendant's discrimination as alleged in paragraph 14 above against her was willful and/or wanton and/or malicious, and that a doubling of the damages is appropriate.

## PLAINTIFF SCOTT'S CAUSES OF ACTION

### COUNT I:

### SEX DISCRIMINATION IN VIOLATION OF, Title VII of the Civil Rights Act of 1991, Sec. 102, as amended in 42 U.S.C.A. Section 1981a

16. Plaintiff Scott repeats, re-alleges, and incorporates by reference paragraphs 1-15 above and further avers that the sex discrimination by the Defendant was affected with the design, intent and purpose of removing her from her employment with Defendant, due to her female sex. Plaintiff Scott also avers that the personnel actions taken against her violated Plaintiff's right to be free of sex discrimination in employment in violation of Title VII of the Civil Rights Act of 1991, Sec. 102, as amended in 42 U.S.C.A. Section 1981a.

17. Plaintiff Scott avers that she has pursued and exhausted her administrative remedies.

18. Plaintiff Scott avers that she has lost income and benefits and suffered mental anguish as a result of Defendant's wrongful actions towards her.

19. Plaintiff Scott also avers that Defendant's action against her were willful and wanton and that therefore an award of punitive damages is appropriate.

WHEREFORE, premises considered, Plaintiff Scott respectfully prays that this Honorable Court will take jurisdiction of this case and grant the following relief:

a) A judgment declaring that Plaintiff Scott was discriminated against by the Defendants due to her female sex;

b) An injunction requiring Defendant to grant Plaintiff Scott all employment benefits and other rights to which she may be entitled, had she not been a victim of sex discrimination.

c) A judgment awarding Plaintiff Scott such compensatory and punitive damages as this Court may deem just and proper under the facts and circumstances of this case;

d) An award of all court costs and reasonable attorney fees; and

e) Such further, other or different relief, as the Court may deem appropriate and necessary.

## COUNT II:

### RACE DISCRIMINATION IN VIOLATION OF, Title VII of the Civil Rights Act of 1991, Sec. 102, as amended in 42 U.S.C.A. Section 1981a

20. Plaintiff Scott repeats, re-alleges, and incorporates by reference paragraphs 1-19 above and further avers that the race discrimination by the Defendants was affected

with the design, intent and purpose of removing her from her employment with Defendant, due to her African American race. Plaintiff Scott also avers that the personnel actions taken against her violated Plaintiff's right to be free from race discrimination in employment in violation of Title VII of the Civil Rights Act of 1991, Sec. 102, as amended in 42 U.S.C.A. Section 1981a.

21. Plaintiff Scott avers that she has pursued and exhausted her administrative remedies.

22. Plaintiff Scott avers that she has lost income and benefits and suffered mental anguish as a result of Defendant's wrongful actions towards her.

23. Plaintiff Scott also avers that Defendant's action against her was willful and wanton and that therefore an award of punitive damages is appropriate.

WHEREFORE, premises considered, Plaintiff Scott respectfully prays that this Honorable Court will take jurisdiction of this case and grant the following relief:

a) A judgment declaring that Plaintiff Scott was discriminated against by the Defendant due to her African American race;

b) An injunction requiring Defendant to grant Plaintiff Scott all employment benefits and other rights to which she may be entitled, had she not been a victim of African American race discrimination.

c) A judgment awarding Plaintiff Scott such compensatory and punitive damages as this Court may deem just and proper under the facts and circumstances of this case;

d) An award of all court costs and reasonable attorney fees; and

e) Such further, other or different relief, as the Court may deem appropriate and necessary.

## COUNT III

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEC. 704(a).

### as amended in 42. U.S.C.A. Sec. 2000(e) et seq.

24. Plaintiff Scott repeats, re-alleges, and incorporated by reference paragraphs 1-23 above, and further avers that the retaliation towards her by the Defendant was effected with the design, intent, and purpose of subjecting Plaintiff Scott to a hostile work environment.

25. Plaintiff Scott also avers that she has pursued her administrative remedies.

26. Plaintiff Scott avers that she has lost income and benefits and suffered mental anguish as a result of Defendant's actions against her were willful and wanton, such that an award of punitive damages is appropriate.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Scott respectfully prays that this Court grant the following relief;

    a) A judgment declaring that Plaintiff Scott was subjected to a hostile work environment by the Defendant.

    b) A judgment awarding Plaintiff Scott such compensatory and punitive damages to which she may be entitled;

c   A judgment restoring all other benefits that would have been available to Plaintiff Scott, had this retaliation not occurred.

d)   A judgment awarding Plaintiff Scott her costs in this action, including reasonable attorney's fees; and

e)   A judgment granting Plaintiff Scott such other, further, and different relief to which he may be entitled.

## COUNT IV
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEC. 704(a).
## as amended in 42. U.S.C.A. Sec. 2000(e) et seq.

27.   Plaintiff Scott repeats, re-alleges, and incorporates by reference paragraphs 1-26 above, and further avers that the retaliation towards her by the Defendant was effected with the design, intent, and purpose of retaliating against Plaintiff due to her reporting discrimination and because of her race and sex.

28.   Plaintiff Scott also avers that she has pursued her administrative remedies. Plaintiff Scott avers that she has lost income and benefits and suffered mental anguish as a result of Defendant's wrongful actions toward her.

29.   Plaintiff Scott also avers that Defendant's actions against her were willful and wanton, such that an award of punitive damages is appropriate.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Scott respectfully prays that the Court grants the following relief;

a)   A judgment declaring that Plaintiff Scott was retaliated against by the Defendant due to the Plaintiff reporting discrimination.

b) An injunction restraining the Defendant from further retaliation against Plaintiff Scott.

c) A judgment awarding plaintiff Scott such compensatory and punitive damages to which she may be entitled;

d) A judgment restoring all other benefits that would have been available to Plaintiff Scott, had this retaliation not occurred.

e) A judgment awarding Plaintiff Scott her costs in this action, including reasonable attorney's fees; and

f) A judgment granting Plaintiff Scott such other, further, and different relief to which she may be entitled.

## STATE CAUSES OF ACTION

### COUNT V

### FRAUD, CODE OF ALABAMA SECTION 6-5-101

30. Plaintiff Scott repeats, re-alleges, and incorporates by reference paragraphs 1-29 above and further avers that the fraudulent misrepresentation was effected with the design, intent, and purpose of denying her an opportunity to retire, to gain economically, and to damage Plaintiff financially.

31. Plaintiff Scott avers that she has been damaged by the fraudulent misrepresentation and that said fraud is in violation of the Code of Alabama Section 6-5-101 et seq.

WHEREFORE, premises considered Plaintiff demands judgment against Defendant for such amount of actual, compensatory and punitive damages as a jury deems just and

reasonable to punish the Defendant for the harm done to Plaintiff Scott and to prevent said Defendant and other similarly situated person(s) from committing similar wrongs within the borders of the State of Alabama, but in the sum of not less than One Hundred Thousand ($100,000.00) Dollars.

## COUNT VI

## DEFAMATION, CODE OF ALABAMA, SECTION 6-5-182

32. Plaintiff Scott repeats, re-alleges, and incorporates by reference paragraphs 1-31 above and further avers that Defendant with the design, intent and purpose of destroying Plaintiff's reputation and ability while keeping her from gaining financially.

WHEREFORE, premises considered Plaintiff demands judgment against Defendants for such amount of actual, compensatory and punitive damages as a jury deems just and reasonable to punish the Defendant for the harm done to Plaintiff Scott and to prevent said Defendant and other similarly situated person(s) from committing similar wrongs within the borders of the State of Alabama, but in the sum of not less than One Hundred Thousand ($100,000.00) Dollars.

Respectfully submitted this _____ day of _December_ 2006.

_____
Karen A. Scott

_____
Karen Sampson Rodgers, Esq. (SAM018)

OF COUNSEL:
KAREN SAMPSON RODGERS, LLC
ATTORNEY AT LAW
459 SOUTH McDONOUGH STREET, STE. 5
MONTGOMERY, ALABAMA 36104-4354
(334) 262-6481 PHONE
(334) 262-6482 FAX
karensamrodgers@yahoo.com

A jury trial is requested on all issues so triable

_____
Of Counsel

# Attachment

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>[ ] FEPA<br>[x] EEOC | CHARGE NUMBER |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| NAME (indicate Mr., Ms., Mrs.)<br>Ms. Karen A. Scott | HOME TELEPHONE (include area code)<br>(334) 281-2979 | |
|---|---|---|
| STREET ADDRESS<br>4012 Llyde Lane | CITY, STATE AND ZIP CODE<br>Montgomery, Alabama 36106 | DATE OF BIRTH<br>5-15-70 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Whitfield Foods, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>Over 15 | TELEPHONE (Include Area Code)<br>(334) 263-2541 |
|---|---|---|
| STREET ADDRESS<br>P. O. Box 791 | CITY, STATE AND ZIP CODE<br>Montgomery, Alabama 36101-0791 | COUNTY<br>Montgomery |
| NAME Loui Whitfield, Susie Dunham, Larry Jones, George Lewis | TELEPHONE NUMBER (Include Area Code)<br>(334) 263-2541 | |
| STREET ADDRESS<br>P. O. Box 791, | CITY, STATE AND ZIP CODE<br>Montgomery, AL. 36101-0791 | COUNTY<br>Montgomery, Al |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br>[x] RACE  [ ] COLOR  [xx] SEX  [ ] RELIGION  [ ] AGE<br>[x] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA/EPA)  LATEST<br>(ALL)<br>5-3-05    11-10-05<br>[ ] CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe that I am a victim of retaliation, race and sex discrimination in violation of the Civil Rights Act of 1964, as amended under Title VII for several reasons: (1) In January, 2005, I filed an EEOC charge #130-2005-02265. I filed a second EEOC charge on September 20, 2005, and believe I was Retaliated against for filing those two charges when I was terminated from my job on November 10, 2005 by Sisie Dunham and the other management. (2) I was terminated because I told George Lewis in the presence of Larry Jones that George had an affair with Shelia Cheeks and she had a child for George. They fired me and hired George's sister Melody in my position. (3) From May 3, 2005 through November 7, I was turned down for several promotional positions due to my sex and race as described in my last retaliation charge filed. I had the seniority and skills exceeding those who were hired.
For additional information please contact my attorney Karen Rodgers or her legal assistant Mr. Carroll W. Puckett, 516 So. Perry Street, Montgomery, AL. 36104. (334) 262-1911.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br>_Carroll W. Puckett_<br>X I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br>_Karen A. Scott_<br>Date 1/28/06   Charging Party (Signature)<br>OC FORM 5 (Test 10/94) | SIGNATURE OF COMPLAINANT<br>_Karen A. Scott_<br>SUBSCRIBED AND SWORN TO BEFORE ME ON THIS DATE<br>(DAY, MONTH, AND YEAR)<br>28-01-2006   NOTARY PUBLIC STATE OF ALABAMA AT LARGE<br>MY COMMISSION EXPIRES: Mar 13, 2006<br>BONDED THRU NOTARY PUBLIC UNDERWRITERS |

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

| To: | Karen A. Scott<br>4012 Llyde Lane<br>Montgomery, AL 36106 | From: | Birmingham District Office - 420<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2006-00682 | Vanessa B. Hannah, Investigator | (205) 212-2134 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.

On behalf of the Commission

Beverly B. Hinton for
Bernice Williams-Kimbrough,
District Director

10/02/06
(Date Mailed)

Enclosures(s)

cc:
Loui Whitfield
Owner
WHITFIELD FOODS, INC
P.O. Box 791
Montgomery, AL 36101

Karen Rodgers
Attorneys at Law
P.O. Box 64
Montgomery, AL 36101