IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAREN A. SCOTT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WHITFIELD FOODS, INC. )<br>)<br>Defendant. ) | CIVIL ACTION NO.:<br>2:06-CV-1157-WKW |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Defendant Whitfield Foods, Inc. ("Defendant"), pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, and submits this Memorandum of Law in Support of Defendant's Motion to Dismiss or, In the Alternative, Motion for More Definite Statement.

## I. INTRODUCTION

In her Complaint, Plaintiff purports to assert the following claims: (1) race and sex discrimination in violation of Title VII of the Civil Rights Act of 1991, as amended by 42 U.S.C. § 1981a; (2) hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended in 42 U.S.C. § 2000(e) *et seq*; (3) fraud in violation of Alabama Code section 6-5-101; (4) and defamation. Plaintiff's allegations, however, fail to state any cognizable claim under

Title VII or Alabama state law. Accordingly, Plaintiff's Complaint is due to be dismissed. Alternatively, Plaintiff should be required to re-plead her Complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure as Plaintiff's "shotgun" Complaint is so vague and ambiguous that Defendant is unable to frame a responsive pleading.

## II.  PLAINTIFF'S COMPLAINT

Plaintiff, an African-American female, is a former employee of Defendant who was terminated on November 10, 2005. (Compl. ¶ 9.) Plaintiff alleges that she was discriminated against and terminated due to "race, sex and retaliation discrimination." (Compl. ¶ 12.) Plaintiff claims that Defendant discriminated against her on these grounds when she applied for several jobs and was not hired for the positions, even though she possessed allegedly superior experience and qualifications. (Compl. ¶¶ 12, 13.) As to her retaliation claim, Plaintiff avers that she was terminated in retaliation for filing several EEOC complaints in 2005 and 2006. (Compl. ¶ 9.) Plaintiff further claims that she was subjected to a hostile work environment, which included her manager embarrassing her in front of another manager. (Compl. ¶ 11.) Finally, Plaintiff avers that she was "fraudulently misrepresented continuously" and that she was subjected to defamation of character by Defendant. (Compl. ¶¶ 9, 10.)

### III.  ARGUMENT

**A.   Plaintiff's sex discrimination, hostile work environment, and retaliation claims under Title VII are time-barred.**

In her Complaint, Plaintiff purports to assert sex discrimination, hostile work environment, and retaliation claims derived from the allegations in her January 28, 2006 EEOC Charge against Defendant (the "Third Charge"). However, prior to filing the Third Charge, Plaintiff had previously filed two other EEOC Charges against Defendant which contained the exact same claims and allegations as the Third Charge.  See Plaintiff's First EEOC Charge filed January 26, 2005, attached hereto as Exhibit A and Plaintiff's Second EEOC Charge filed September 14, 2005 and Right to Sue letter dated February 2, 2006, attached hereto as Exhibit B.[1]  In Plaintiff's First EEOC Charge (the "First Charge"), Plaintiff alleges that she was the victim of sex discrimination and was subject to retaliation which included being written up and suspended for refusing to have sex with one of her supervisors. See Exhibit A.  The claims underlying the First Charge were eventually settled through mediation on March 8, 2005 and the Plaintiff released these and all related claims against Defendant.

---

[1] Because Plaintiff's Complaint and Third EEOC Charge reference and rely upon the allegations made in Plaintiff's first two EEOC Charges, Defendant's reference to these charges does not convert Defendant's motion to dismiss into a motion for summary judgment. *Donoghue v. American Nat. Ins. Co.,* 838 So. 2d 1032, 1036 (Ala. 2002).

In her Second EEOC Charge (the "Second Charge"), Plaintiff alleged that she was the victim of retaliation, race and sex discrimination. Specifically, Plaintiff claimed that she was retaliated against for filing the First Charge; that on May 3, 2005 she received a one day suspension for removing a box code; that in July 2005 she applied for line 5 skilled operator position, which was given to a white male; and that in August 2005 she applied for a sanitation job and a line 5 filler operator position, both of which were eventually awarded to black males. Plaintiff received a right to sue letter for the claims in her Second Charge on February 2, 2006. See Exhibit B. Since Plaintiff failed to institute legal action within ninety days of receiving notice of her right to sue on her Second Charge, Plaintiff's claims are time-barred and cannot be resurrected by re-alleging them in the Third Charge.

The law is clear that a claimant has only ninety days after receiving notice of right to sue from the EEOC to institute an action based on the claims in an EEOC Charge. *Santini v. Cleveland Clinic Florida*, 232 F. 3d 823, 825 (11th Cir. 2000) ("Title VII and ADEA actions may not be brought more than 90 after a complainant has adequate notice that the EEOC has dismissed the Charge."). Since this ninety day time limit constitutes a statute of limitations, failure to institute an action within ninety days bars the claimant from later brining an action based on the allegations in the charge. *Scholar v. Pacific Bell*, 963 F. 2d 264, 266-67 (9th Cir. 1992) ("The

requirement for filing a Title VII action within 90 days from the date EEOC dismisses the claim constitutes a statute of limitations."); *Santini*, 232 F. 3d at 825 (dismissing racial harassment and discrimination claims for failure to commence action within ninety days); *Green v. Union Foundry Co.*, 281 F. 3d 1229, 1234 (11th Cir. 2002) (same). Moreover, a claimant who fails to timely institute an action based on claims in a dismissed charge cannot revive the time-barred claims by reasserting them in a new EEOC charge. *Williams v. Little Rock Municipal Water Works*, 21 F. 3d 218, 222 (8th Cir. 1994 (in a Title VII action based on her second EEOC charge, African-American employee was barred from raising claims of discrimination based upon the events which prompted her first EEOC charge because employee failed to file suit within 90 days of receiving notice of her right to sue on the first charge); *Adams v. Tenn. Dept. of Finance and Administration*, 179 Fed. Appx. 266, 271 (6th Cir. 2006) ("[Plaintiff's] subsequent filing with the EEOC in November 2002 did not revive the claims of race discrimination addressed in the first EEOC complaint.").

    Here, the time period for pursuing Plaintiff's sex discrimination, hostile work environment, and retaliation claims has long past, as Plaintiff received her last right-to-sue letter for those claims in early February of 2006. Plaintiff cannot revive these time-barred claims by asserting them again in the Third Charge. As such, all of Plaintiff's claims in her Third Charge which describe events prior to September 20,

2006, including her claims that she was denied promotions due to sex and race, are time-barred and due to be dismissed.

    **B.    Plaintiff's allegations do not state a claim for race discrimination in violation of Title VII.**

Although Plaintiff is not required to allege facts supporting every element of a prima facie case, the Eleventh Circuit has held that dismissal of discrimination claims is warranted where the Plaintiff merely alleges in a conclusory fashion that she was subject to discrimination because of some statutorily protected trait. *See Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1271 (11th Cir. 2004). To survive a 12(b)(6) motion to dismiss, the Plaintiff's Complaint must "provide the defendant with fair notice of the factual grounds on which the complaint rests." *Id.* (concluding that plaintiff's allegations that defendants held illegal stereotypes and that they would not have been subjected to adverse action if they were white were "wholly conclusory" and failed to meet even the standards of notice pleading); *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, *rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002) (en banc) (holding that where plaintiff's complaint failed to set forth any facts that would support an inference that the employer acted with the requisite intent, the complaint was "insufficient to meet even the liberal standards of notice pleading").

Here, Plaintiff's discrimination claims are nothing more than bald, conclusory allegations unsupported by facts. Plaintiff alleges no facts that would support an inference of intentional discriminatory animus based on her race. Moreover, Plaintiff has not identified who discriminated against her or how or when the discrimination occurred, instead relying solely on her vague allegations of discrimination. As such, Defendant cannot be reasonably expected to frame a response to these conclusory allegations and, accordingly, Plaintiff's Complaint is due to be dismissed. *Jackson*, 372 F.3d at 1271-72 (holding that the plaintiff's factual allegations in a sixty-page complaint were insufficient to support the conclusory allegation of racial discrimination); *Wagner*, 289 F.3d at 1270 ("Pleadings must be something more than an ingenious exercise in the conceivable.").

### C. Plaintiff's conclusory allegations of fraud are insufficient to state a claim.

Just as Plaintiff's race discrimination allegations are inadequate to support her claims, Plaintiff's allegations of fraud are likewise insufficient as a matter of law. To state a claim for fraud, "a plaintiff must allege and prove each of the following elements: 1) a false representation of 2) a material fact, 3) which was relied upon by plaintiff, 4) who was damaged 5) as a result of his reliance." *Standard Furniture Manufacturing Co., Inc.*, 572 So. 2d 389, 391 (Ala. 1990). Plaintiff must do more

than use the word "fraudulently" to state a claim for fraud and must state the facts out of which the fraud is supposed to arise. *Crommelin v. Capitol Broadcasting Co.*, 280 Ala. 472, 474 (1976) ("There is no magic use of the word 'fraudulently'. . . [T]he facts out of which [the fraud] is supposed to arise must be stated."). *Id.* Moreover, Rule 9(b) of both the Alabama and Federal Rules of Civil Procedure explicitly require that "[i]n all averments of fraud . . . the circumstances constituting fraud or mistake shall be stated with particularity." Ala. R. Civ. P. (9)(b); Fed. R. Civ. P. (9)(b).

Here, Plaintiff's fraud allegations are utterly deficient. Plaintiff not only fails to allege any facts in support of her claim that "she was fraudulently misrepresented continuously and thereby damaged tremendously," but this cryptic phrase is the only allegation in the entire Complaint that relates to Plaintiff's fraud claim. Plaintiff's conclusory allegation that Defendant acted "fraudulently" without any reference to a specific fraudulent misrepresentation or person alleged to have made it is simply not enough to state a claim for fraud. *Crommelin*, 280 Ala. at 474 ("There is no magic in the use of the word 'fraudulently' unless the averments show a set of facts or consequences which constitute fraud under Alabama law."); Ala. R. Civ. P. (9)(b); Fed. R. Civ. P. (9)(b). Thus, Plaintiff's fraud claim is due to be dismissed.

**D.     Plaintiff's vague and conclusory defamation allegations are also insufficient to state a claim.**

In her Complaint, Plaintiff makes the conclusory allegation "that she was subjected to defamation of character made by the Defendant, which was published or spoken." (Compl. ¶ 10.) To establish a prima facie case of defamation, however, Plaintiff must plead and prove that Defendant made (1) an intentional communication; (2) to a third party; (3) of a falsity; (4) which is injurious to Plaintiff's reputation; (5) in the eyes of Plaintiff's friends or the community; (6) which is not privileged and (7) is not consented to. *See Roberts v. English Mfg. Co.*, 46 So. 752 (Ala. 1908).     Plaintiff's allegations in this case, which go no further than mentioning the word "defamation," are insufficient to state a claim of defamation under Alabama law. At a minimum, Plaintiff must identify those false and defamatory statements alleged to have been made by Defendant and the third party to whom the statements were published. Since Plaintiff has failed to do so, Plaintiff's defamation claim is due to be dismissed. *See Lloyd v. Community Hosp. of Andalusia, Inc.*, 421 So. 2d 112, 113 (Ala. 1982) (dismissing defamation action for failure to state a claim and noting that "[i]t is not enough for the pleading to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining about . . .").

**E.     Alternatively, Plaintiff should be required to re-plead her Complaint to state sufficient facts to sustain her claims.**

9

As it stands, Plaintiff's Complaint contains allegations of sex discrimination, hostile work environment, and retaliation that are time-barred and not properly before this Court in addition to race discrimination, fraud, and defamation claims that are based entirely upon vague and conclusory allegations with no supporting facts. As such, Plaintiff's Complaint is due to be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Flamenbaum v. Orient Lines, Inc.*, No. 03-22549-CIV, 2004 WL 1773207, at *4 (S.D. Fla. July 20, 2004) ("[T]o survive a motion to dismiss, a plaintiff must do more than merely label his or her own claims.") (citing *Blumed v. Mylander*, 919 F. Supp. 425, 425 (M.D. Fla. 1996)). If Plaintiff's Complaint is not dismissed, however, Plaintiff should, at a minimum, be required under Rule 12(e) of the Federal Rules of Civil Procedure to assert facts clarifying her conclusory race discrimination allegations, to plead her fraud claim with the particularity required by Rule 9(b) of the Alabama and Federal Rules of Civil Procedure, and to explain the circumstances giving rise to her defamation claim by providing identification of the alleged defamatory statement and the third party to whom the statement was published. As currently drafted, Plaintiff's Complaint is so vague and ambiguous that Defendant is unable to frame a responsive pleading.

Moreover, Plaintiff's Complaint constitutes the very type of "shotgun"

pleading that has been soundly condemned by the Eleventh Circuit, and rightfully so. In commenting on this type of pleading, the Eleventh Circuit has held:

> Anderson's complaint is a perfect example of "shotgun" pleading, *see Pelletier v. Zweifel*, 921 F. 2d 1465, 1518 (11th Cir.), *cert. denied*, 502 U.S. 855, 112 S. Ct. 167, 166 L. Ed. 2d 131 (1991), in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as Anderson's is not expected to frame a responsive pleading. Rather the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement. Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various defenses]. *Fullman v. Graddick*, 739 F. 2d 553, 557 (11th Cir. 1984). Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*Anderson v. District Bd. of Trustees*, 77 F.3d 364, 366-67 (11th Cir. 1996) (footnotes omitted; bracketed language in original); *see also Dinkins v. Charoen Pokphand USA, Inc.*, 133 F. Supp. 2d 1254, 1261 (M.D. Ala. 2001) ("shotgun pleadings are not allowed; a lawsuit is not a game of hunt the peanut.").

WHEREFORE, PREMISES CONSIDERED, Defendant Whitfield Foods, Inc. requests this Court dismiss Plaintiff's Complaint in its entirety or, in the alternative, compel Plaintiff to plead her claims in accordance with the Federal Rules of Civil Procedure.

          Respectfully submitted,

          /s/ Carter H. Dukes
          Carter H. Dukes
          Attorney for Defendant
          Whitfield Foods, Inc.

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North
Suite 700
Birmingham, Alabama 35242
(205) 251-2300

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Karen Sampson Rodgers
    Karen Sampson Rodgers, LLC
    459 South McDonough Street, Suite 5
    Montgomery, Alabama 36104-4354

DONE this the 25th day of January 2007.

/s/ Carter H. Dukes
Of Counsel

39868