IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION 2007 FEB 16  P 6: 37

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KAREN A. SCOTT, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) |
| WHITFIELD FOODS, INC. | ) **CIVIL ACTION NO.:** |
| | ) **2:06-CV-1157-WKW** |
| **Defendant** | ) |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

COMES NOW Defendant Plaintiff Karen A. Scott ("Plaintiff), and submits the

following Memorandum of Law in Opposition to Defendant's Motion to Dismiss or, in the

alternative, Motion for More Definite Statement.

### INTRODUCTION

In Plaintiff's Scott's Complaint, Plaintiff asserted the following claims:

(1) Race and sex discrimination in violation of Title VII of the Civil Rights Act of

1991, as amended by 42 U.S. C. § 1981a;

(2) Hostile work environment and retaliation in violation of Title VII of the Civil

Rights Act of 1964, as amended in 42 U.S.C. § 2000(e) *et seq;*

(3) Fraud in violation of Alabama Code Section 6-5-101; and

(4) Defamation

Plaintiff's allegations, did not fail to state any cognizable claim under Title or

Alabama State Law. Plaintiff's Complaint should not be dismissed and thus, plaintiff

should not be required to re-plead Plaintiff's Complaint.  Plaintiff's complaint is detailed

enough to enable the Defendant to craft a meaningful response. Also, Plaintiff Scott can prove her facts in support of her claim and be entitled to relief.

## **PLAINTIFF'S COMPLAINT- STATEMENT OF FACTS (See Exhibit 4)**

Plaintiff Scott an African American female, who resides at 4012 Llyde Lane, Montgomery, Alabama 36106 was discriminated against by the Defendant. (Comp pg.2) Plaintiff Scott avers that she was an employee of Defendant, and Whitfield Foods, Inc., who was employed as an operator. (Comp. pg 2) Plaintiff avers that she worked for Whitfield Foods, Inc. for approximately six (6) years. (Comp. pg. 2-3) Plaintiff Scott avers that she was a faithful, loyal and dedicated employee, who faithfully served and contributed to the success of Whitfield Foods, Inc. with dignity and honor. (Comp.3)

Plaintiff Scott received some reprimands that were overturned after investigations and some other reprimands that were in retaliation due to filing prior complaints with the Union and filing prior charges with the EEOC. Id. Plaintiff Scott was subjected to discriminatory remarks, epithets, jokes, ridicule, disparate treatment, etc. Id. Plaintiff Scott avers that Defendant falsified its records in order to terminate Plaintiff from her job. Id. Plaintiff did not threaten to physically injure certain employees and she did not initiate an altercation with an employee in front of other staff members, including managers. Id. To the contrary, Plaintiff related truthfully charges against George Lewis and Tawanna Palmer. Id.

Plaintiff avers that her termination was retaliation against her because she had previously filed EEOC charges in 2005 and 2006. (Comp. pg.3) Plaintiff Scott avers that she was **fraudulently misrepresented continuously and thereby damaged tremendously**. Id. Plaintiff avers that she was subjected to defamation of character

made by the Defendant, which was published or spoken. Id.

Plaintiff Scott avers that the retaliation towards her by the Defendant was effected with the design, intent and purpose of subjecting Plaintiff to a hostile work environment, such as, George Lewis, her manager, embarrassing her before her manager, Larry Jones. Id.

Plaintiff believes that she was discriminated against due to her race, sex, and retaliation discrimination. Id.   Plaintiff Scott, an African American female believes that she was discriminated against and terminated, due to her race, sex, and retaliation discrimination.  (Comp. pg.3 ) Plaintiff Scott, an African American female believes that she was discriminated against and terminated, due to race, sex, and retaliation discrimination inasmuch as **when I applied for several jobs, white males and black males were hired, even though my experience and qualifications exceeded those who got the job.** Id.  I am a black female with six years on the job with employer Whitfield.  (Comp. pg. 4)

Plaintiff Scott avers that she was subjected to race, sex, hostile work environment, retaliation discrimination, **fraud** and defamation of character by Defendant with the intent, and purpose of denying her employment. Id.  Plaintiff further avers that said discrimination in violation of Title VII of the Civil Rights Laws and all amendments thereto.  Id. **Plaintiff Scott further avers that Defendant's discrimination against her was willful and/or wanton and/or malicious, and that a doubling of the damages is appropriate. Id.**

## STANDARD OF REVIEW

A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and

dismissal should be granted under this rule only if the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v.Gibson,355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1057); *accord* Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Hughes v. Rowe, 449 U.S.5, 10, 101 S.Ct. 173, 66 L.Ed. 2d 163(1980); Fuller v. Johannessen, 76 F.3d 347, 349-350 (11th Cir. 1996). For the threshold review presented by a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Shear v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); accord, Swierkiewicz v. Sorema, N.A. 515 U.S. 506, 515, 115 S.Ct.2310, 132 L.Ed. 2d 444 (2002) ("Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits"); Brandt v. Bassett, 69 F.3d 1539, 1550 (11th Cir. 1995).

The Court must accept as true the plaintiff's factual allegations, draw all reasonable inferences in the plaintiff's favor, and construe the pleadings liberally so as to do substantial justice. Conley v. Gibson, 355 U.S. at 48; Hishon v. King & Spalding,id., Fuller v. Johannessen, 76 F.3d 3437, 349-350 (11th Cir. 1996); Fed.R.Civ.P. 8(f). Because Rule 8 requires only "notice" pleading, the plaintiff need not detail all relevant facts but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. "*Conley, 355 at 47.* "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of the pleading is to facilitate a proper decision on the merits." Id. at 48; In re Southeast Banking Corp., 69 F.3d 1539, 1551 (11th Cir. 1995). All allegations in the complaint

must be accepted as true and construed in the light most favorable to the Plaintiff.  H.J.
Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 249 (1989).

## ARGUMENT

### TITLE VII (SEX and RACE)

Plaintiff responds that no "heightened pleading" requirement applies to her
discrimination action, and pleadings must satisfy only the simple requirements of Rule
8(a), Schierkiewicz, 515 U.S. at 513.  Swierkiewicz teaches that "[t]he prima facie case
... is an evidentiary standard, not a pleading requirement, " The Supreme Court "has
never indicated that the requirements for establishing a prima facie case under
McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy to
survive a motion to dismiss . . . Given that the prima facie case operates as a flexible
evidentiary standard, it should not be transposed into a rigid pleading standard for
discrimination cases."

The requirement in Rule 8 for a "short and plain statement of the claim showing
that the pleader is entitled to relief" must provide fair notice to the defendant of the
nature of the Plaintiff's claim and its factual underpinnings.  Allegations must be
buttressed by sufficient facts at least to show that a claim for relief is viable.  While the
court has a "duty to liberally construe plaintiff's complaint," that obligation is not "the
equivalent of a duty to rewrite " the pleading.  Peterson v. Atlanta Hous. Auth., 998 F.
2d 904, 912 (11th Cir. 1993), quoting, Conley v. Gibson, 355 U.S. at 47.

> **A.     Plaintiff's sex discrimination, hostile work environment, and
> retaliation claims under Title VII are IN-PART not time-barred.**

Plaintiff concedes that any reference to Plaintiff's first EEOC charge filed on

January 26, 2005 is time-barred and was settled through EEOC mediation on or about March 8, 2005.  (See Exhibit 2) However, Plaintiff presents Plaintiff's first EEOC as evidence in regards to Plaintiff's retaliation claim. Also, Plaintiff filed her Second EEOC claim on or about September 14, 2005, whereas Plaintiff believed that she was being retaliated against for her prior filing of Plaintiff's first EEOC claim. (See Exhibit 3) However, Plaintiff concedes that any allegations concerning sex discrimination in regards to denial of job promotions  and suspension is time barred and should not be consider as sex discrimination.

However, in regards to Plaintiff's retaliation claim Plaintiff believes that her two previous claims on January 26, 2005 and September 14, 2005 resulted in "continuous" retaliation. Thus, ultimately terminating Plaintiff from her employment with Whitfield foods on November 10, 2005 within months after her previous filings. (Plaintiff's 3rd EEOC Charge - January 28, 2006, See Eshibit 1). We reserve the right to use the facts to show retaliation and not sex discrimination because Plaintiff Scott is not trying to revive the claim as depicted by Defendant in Williams v. Little Rock..

Thus, Plaintiff concedes in part to the sex discrimination claim and state that as to the retaliation claims, Plaintiffs Cause of action is not time barred.

**B.      Plaintiff's allegations do not state a claim for race discrimination in violation of Title VII.**

Given the above Title VII argument and the time-barred requirements, Plaintiff concedes that her allegations to race discrimination in violation of Title VII should be dismissed whereas Plaintiff was denied promotions due to her race.

**C.      Plaintiff CONCEDES that the Fraud claim in Count V of Plaintiff's complaint**

**are insufficient to state a claim.**

Rule 9(b) of the Alabama Rules of Civil Procedure, states that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. After a review of the facts surrounding the fraud claim, Plaintiff concedes that **Count V, FRAUD, Code of Alabama Section 6-5-101** should be dismissed.

**D.      Plaintiff's defamation allegations are sufficient to state a claim.**

Plaintiff avers that she was subjected to defamation of character made by the Defendant, which was published or spoken. Unlike fraud, there is no heightened pleading requirement for defamation. The Plaintiff's Complaint is in substantial compliance with Alabama Rules of Civil Procedure 8(a) in that the Complaint informed the Defendants of the nature of the Plaintiff's claims against them and is not so insufficient that it would be unreasonable to require the Defendants to frame a responsive pleading.

**E.      Alternatively, Plaintiff should not be required to re-plead her Complaint to state sufficient facts to sustain her claim, but will do so if required by this Honorable Court.**

The Defendants have also moved for a more definite statement of te Plaintiff's claims pursuant to Fed.R.Civ.P. 12(e). Under Rule 12(e) a party may move for a more definite statement when the plaintiff's complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading..." In general, motions for a more definite statement are disfavored under the liberal pleading approach of the federal rules. See *Campbell v. Miller, 836 F. Supp. 827 (M.D. Fla. 1993);*

*Aventura Cable Corporation v. Rifkin/Narragansett South Florida CATV Limited*

*Partnership, 941 F.Supp. 1189 (S.D. Fla. 1996).*   "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." Aventura, 941 F. Supp. At 1195: see also Cmpbell, 836 F. Supp. At 832; Frazier v. Southeastern Pennsylvania Transp. Auth. 868 F. Supp. 757, 763 (E.D.Pa. 1994).

Given the aforementioned arguments, the Plaintiff statements of facts, and the fact that plaintiff concedes to several Counts. The complaint is not so insufficient that the Defendant's cannot frame a responsive pleading on the following causes: 1) sex discrimination (without the denial of job promotion), 2) defamation, 3) retaliation and 4) hostile work environment. Thus, the lack of specificity in the Plaintiffs' complaint can be adequately addressed through appropriate methods of discovery. Faulk v. Home Oil Company, 173 F.R.D. 311, 74 Fair Empl. Prac. Cas. (BNA) 807).

## CONCLUSION

On the basis of the foregoing analysis, Plaintiff concedes to the race discrimination and fraud claims, partially concedes to the sex discrimination claim. However, Plaintiff request that this Honorable Court Deny the Defendant's Motions.

Respectfully Submitted,

Karen Sampson Rodgers, SAMO18
Attorney for Karen Scott

OF COUNSEL:
Karen Sampson Rodgers, LLC
459 South McDonough Street, Suite 5
Montgomery, AL 36104
(334) 262-6481 telephone
(334) 262-6482 facsimile

8

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court and by regular U.S. mail to the following:

Carter H. Dukes
Huckaby, Scott & Dukes, P.C.
2100 Third Avenue North, Suite 700
Birmingham, AL 356203

Done this the 16th day of February 2007.

9

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | |
|---|---|
| [ ] | FEPA |
| [X] | EEOC |

**CHARGE NUMBER**

_____ State or local Agency, if any _____ and EEOC

| NAME (indicate Mr., Ms., Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Karen A. Scott | (334) 281-2979 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4012 Llyde Lane | Montgomery, Alabama 36106 | 5-15-70 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Whitfield Foods, Inc. | Over 15 | (334) 26342541 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| P. O. Box 791 | Montgomery, Alabama 36101-0791 | Montgomery |

| NAME Loui Whitfield, Susie Dunham, Larry Jones, George Lewis | TELEPHONE NUMBER (Include Area Code) (334) 263-2541 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| P. O. Box 791, | Montgomery, AL. 36101-0791 | Montgomery, AL |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[X] RACE    [ ] COLOR    [X] SEX    [ ] RELIGION    [ ] AGE
[X] RETALIATION    [ ] NATIONAL ORIGIN    [ ] DISABILITY    [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA) (ALL)    LATEST
5-3-05    11-10-05
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe that I am a victim of retaliation, race and sex discrimination in violation of the Civil Rights Act of 1964, as amended under Title VII for several reasons: (1) In January, 2005, I filed an EEOC charge #130-2005-02265. I filed a second EEOC charge on September 20, 2005, and believe I was Retaliated against for filing those two charges when I was terminated from my job on November 10, 2005 by Sisie Dunham and the other management. (2) I was terminated because I told George Lewis in the presence of Larry Jones that George had an affair with Shelia Cheeks and she had a child for George. They fired me and hired George's sister Melody in my position. (3) From May 3, 2005 through November 7, I was turned down for several promotional positiona due to my sex and race as described in my last retaliation charge filed. I had the seniority and skills exceeding those who were hired.
For additional information please contact my attorney Karen Rodgers or her legal assistant Mr. Carroll W. Puckett, 516 So. Perry Street, Montgomery, AL. 36104. (334) 262-1911.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if i change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | Carroll W. Puckett |
| | X I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. *Karen A. Scott* | SIGNATURE OF COMPLAINANT *Karen A. Scott* |
| Date 1/28/06    Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME ON TH (DAY, MONTH, AND YEAR) 28-01- 2006 |
| EEOC FORM 5 (Test 10/94) | NOTARY PUBLIC STATE OF AL MY COMMISSION EXPIRE BONDED THRU NOTARY PUBL |

EXHIBIT
1

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [] FEPA  [X] EEOC | 130 2005 02265 |

State or local Agency, if any _____ and EEOC

| NAME (indicate Mr., Ms., Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Mrs. Karen A. Scott | (334) 281-2979 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4012 Llyde Lane, | Montgomery, AL. 36106 | 5/15/70 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Whitfield Foods, Inc. | Over 15 | (334) 263-2541 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| P. O. Box 791 | Montgomery, AL. 36101-0791 | Montgomery |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Pat Burbank, Human Resource Manager Whitfield Foods, Inc. | (334) 263-2541 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| P. O. Box 791, | Montgomery, AL. 36101-0791 | Montgomery |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| [] RACE   [] COLOR   [X] SEX   [] RELIGION   [] AGE | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [] RETALIATION   [] NATIONAL ORIGIN   [] DISABILITY   [] OTHER (Specify) | EARLIEST (ADEA/EPA) 8/20/04    LATEST (ALL) Currently   [X] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe that I am a victim of sex discrimination in violation of the 1964 Civil Rights Act, as amended, under Title VII, for the following reasons..(1) Pat Burbank, one of my upline Supervisors and Head of the Human Resource Dept. of Whitfield Foods, Inc., offered and gave me money in exchange for sexual intercourse. I never participated with Mr. Burbank. After I got married, Mr. Burbank started to punish me because I would not have sex with him. On several occasions I have been written up and suspended. (2) I believe that I am being set up for termination because I refuse to give him sexual satisfaction.

For further information contact my attorney Julian McPhillips or his senior legal assistant Carroll W. Puckett, McPhillips, Shinbaum, L.L.P.m 516 South Perry Street, P. O. Box 64, Montgomery, Al. 36104. (334) 262-1911, or Fax (334) 263-2321

| want this charge filed with both the EEOC and the State or local Agency, if ny. I will advise the agencies if I change my address or telephone number nd I will cooperate fully with them in the processing of my charge in ccordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) Carroll W. Puckett |
|---|---|
| declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. MY COMMISSION EXPIRES...  SIGNATURE OF COMPLAINANT  Karen A. Scott |
| Karen A. Scott  ate January 26, 2005  Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS DATE (DAY, MONTH, AND YEAR) 26, 1, 2005 |

C FORM 5 (Test 10/94)

EXHIBIT
2

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [ ] FEPA  XX EEOC | |

_____ and EEOC
State or local Agency, if any

NAME (indicate Mr., Ms., Mrs.)
Ms/ Karen A. Scott

HOME TELEPHONE (include area code)
(334) 281-2979

STREET ADDRESS
4012 Llyde Lane,

CITY, STATE AND ZIP CODE
Montgomery, Alabama 36106

DATE OF BIRTH
5/15/70

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME
Whitfield Foods, Inc.

NUMBER OF EMPLOYEES, MEMBERS
Over 15

TELEPHONE (Include Area Code)
(334) 263-2541

STREET ADDRESS
P. O. Box 791

CITY, STATE AND ZIP CODE
Montgomery, AL. 36101-0791

COUNTY
Montgomery

NAME    Loui  Whitfield,
Al  Byrd

TELEPHONE NUMBER (Include Area Code)
(334) 263-2541

STREET ADDRESS
P. O. Box 791,

CITY, STATE AND ZIP CODE
Montgomery, AL. 36101-0791

COUNTY
Montgomery,

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[X] RACE    [ ] COLOR    [X] SEX    [ ] RELIGION    [ ] AGE
[X] RETALIATION    [ ] NATIONAL ORIGIN    [ ] DISABILITY    [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA) (ALL)    LATEST
5/3/05

XX CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe that I am the victim of Retaliation, Race and Sex Discrimination in violation of the Civil Rights Act of 1964, as amended under Title VII for the following reasons: (1) In January, 2005, I filed an EEOC charge No. 130-2005-02265, and I believe that I am being retaliated against now for having filed same. (2) On May 3, 2005, I was suspended for one day allegely for removing the box code. After filing a grievance with the Union I received a letter removing the suspension from my record. (3) In July, 2005, I applied for line 5 skilled operator second shift and Anthony Gates, white male was given the job. I had more seniority and skill than Mr. Gates. (4) In August, 2005, I applied for a sanitation job, however Anthony Thomas, a black male was hired. (5) In August, 2005, I applied for a line 5 filler operator, first shift, however Ken McDonald, black male was awarded the job. All the reasons give me as to why I was not hired was pretextual. I am a black female, an employee with Whitfield Foods, Inc. six years.

For additional information please contact my attorney Karen Rogers or her legal assistant Mr. Carroll W. Puckett, 516 So. Perry Street, Montgomery, AL. 36104. (334)262-1911, fax 263-2321.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

_Carroll W. Puckett_

[✓] I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

_Karen A. Scott_

SIGNATURE OF COMPLAINANT

_Karen A. Scott_

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS DATE
(DAY, MONTH, AND YEAR)
14, 9,  2005

Date  September 14, 05 Charging Party (Signature)

EEOC FORM 5 (Test 10/94)

NOTARY PUBLIC STATE OF A
MY COMMISSION EXPIR
BONDED THRU NOTARY PUB

EXHIBIT
3

IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION    2006 DEC 29 P 4: 07

KAREN A. SCOTT,                    :           DEBRA P. HACKETT, CLK
                                   :            U.S. DISTRICT COURT
            PLAINTIFF,             :           MIDDLE DISTRICT ALA
V.                                 :       CIVIL ACTION NO.
                                   :
                                   :
WHITFIELD FOODS, INC.              :       **JURY DEMAND REQUESTED**
                                   :
            DEFENDANT.             :


**COMPLAINT**

## A. JURISDICTION

1.    Comes now the Plaintiff, Karen A. Scott, (hereinafter referred to as "Plaintiff

Scott"), and by and through her counsel, files this Complaint, institutes these proceedings,

and invokes the jurisdiction of this Court pursuant to applicable laws under 28 U.S.C. §

1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII

of the **Civil Rights Act of 1964,** as amended, (42 U.S.C. § 2000 (e) et seq.), the 1991 Civil

Rights Act, 42 U.S.C. 1981, 1981a; Code of Alabama Sections 6-5-101 et seq.(Fraud);

Code of Alabama Section 6-5-182, (Defamation), to provide injunctive relief,  the costs of

suit, including reasonable attorneys fees, back pay, compensatory and punitive damages,

and all other or different relief the Court may deem appropriate and necessary.

2.    Plaintiff Scott filed a  charge of race, sex, and retaliation discrimination,

Charge No. 130-2006-00682  on February 3, 2006 (See copy of discrimination attached

hereto and marked as Exhibit "A" ),  with the Equal Employment Opportunity Commission,



EXHIBIT
4

("EEOC"), Birmingham District Office, against Whitfield Foods, Inc.  On October 2, 2006, (See  copy of the EEOC's  Dismissal and Notice of Rights  issued  to Plaintiff for EEOC Charge No.#420 2006 00682 and received on October 6, 2006,  Exhibit "B").

     3.    The unlawful employment practices which are alleged herein were committed in the County of Montgomery, the City of Montgomery, which is in the Middle District of Alabama. Since Defendant's place of business is located in Montgomery, Alabama, venue is also appropriate in the Middle District of Alabama, Northern Division.

## B. PARTIES

     4.    Plaintiff Scott  is over the age of nineteen (19) years, and at all times relevant hereto,  is a citizen of the United States of America and a resident at 4012 Llyde Lane, Montgomery, AL 36106.

     5.    Defendant Whitfield Foods, Inc. (hereinafter referred to as "Defendant"), has its primary place of business and agent located at 1101 North Court Street, Montgomery, AL 36104.

## C. STATEMENT OF FACTS

     6.    Plaintiff Scott an African American female, who resides  at 4012 Llyde Lane, Montgomery, Alabama 36106 was discriminated against by the Defendant.

     7.    Plaintiff Scott avers that she was an employee of Defendant,  and Whitfield Foods, Inc. who was employed as an operator.  Plaintiff avers that she worked for Whitfield Foods, Inc. for approximately six (6) years.  Plaintiff Scott  avers  that she was  a  faithful,  loyal  and  dedicated  employee, who  faithfully served and contributed to the success of Whitfield Foods, Inc.  with dignity and honor.  Plaintiff Scott  received some reprimands that were overturned after investigations  and some

other reprimands that were in retaliation due to filing prior complaints with the Union and filing prior charges with the EEOC.

8. Plaintiff Scott was subjected to discriminatory remarks, epithets, jokes, ridicule, disparate treatment, etc.

9. Plaintiff Scott avers that Defendant falsified its records in order to terminate Plaintiff from her job. Plaintiff did not threaten to physically injure certain employees and she did not initiate an altercation with an employee in front of other staff members, including managers. To the contrary, Plaintiff related truthfully charges against George Lewis and Tawanna Palmer. Plaintiff avers that her termination was retaliation against her because she had previously filed EEOC charges in 2005 and 2006. Plaintiff Scott avers that she was fraudulently misrepresented continuously and thereby damaged tremendously.

10. Plaintiff avers that she was subjected to defamation of character made by the Defendant, which was published or spoken.

11. Plaintiff Scott avers that the retaliation towards her by the Defendant was effected with the design, intent and purpose of subjecting Plaintiff to a hostile work environment, such as, George Lewis, her manager, embarrassing her before her manager, Larry Jones.

12. Plaintiff believes that she was discriminated against due to her race, sex, and retaliation discrimination.

13. Plaintiff Scott, a African American female believes that she was discriminated against and terminated, due to race, sex and retaliation discrimination inasmuch as when I applied for several jobs, white males and black males were hired, even though my experience and qualifications exceeded those who got the job. I am a black female

with six years on the job with employer Whitfield.

14.   Plaintiff Scott avers that she was subjected to race, sex, hostile work environment, retaliation discrimination, fraud and defamation of character by Defendant with the intent, and purpose of denying her employment.  Plaintiff further avers that said discrimination is  in violation of Title VII of the Civil Rights Laws and all amendments thereto.

15.   Plaintiff Scott further avers that Defendant's discrimination as alleged in paragraph 14 above against her  was willful and/or wanton and/or malicious, and that a doubling of the damages is appropriate.

### PLAINTIFF SCOTT'S CAUSES OF ACTION

### COUNT I:

### SEX DISCRIMINATION IN VIOLATION OF, Title VII of the Civil Rights Act of 1991, Sec. 102, as amended in 42 U.S.C.A. Section 1981a

16.   Plaintiff Scott repeats, re-alleges, and incorporates by reference  paragraphs 1-15 above and further avers that the sex discrimination by the Defendant was affected with the design, intent and purpose of removing her from her employment with Defendant, due to her female sex.  Plaintiff Scott  also avers that the personnel actions taken against her  violated Plaintiff's right to be free of sex discrimination  in employment in violation of Title VII of the Civil Rights Act of 1991, Sec. 102, as amended in 42 U.S.C.A. Section 1981a.

17.   Plaintiff Scott avers that she has pursued and exhausted her administrative remedies.

18.  Plaintiff Scott avers that she has lost income and benefits and suffered mental anguish as a result of Defendant's wrongful actions towards her.

19.  Plaintiff Scott also avers that Defendant's action against her were willful and wanton and that therefore an award of punitive damages is appropriate.

WHEREFORE, premises considered, Plaintiff Scott respectfully prays that this Honorable Court will take jurisdiction of this case and grant the following relief:

a)    A judgment declaring that Plaintiff Scott was discriminated against by the Defendants due to her female sex;

b)    An injunction requiring Defendant to grant Plaintiff Scott all employment benefits and other rights to which she may be entitled, had she not been a victim of sex discrimination.

c)  A judgment awarding Plaintiff Scott such compensatory and punitive damages as this Court may deem just and proper under the facts and circumstances of this case;

d)  An award of all court costs and reasonable attorney fees; and

e)  Such further, other or different relief, as the Court may deem appropriate and necessary.

## COUNT II:

### RACE DISCRIMINATION IN VIOLATION OF, Title VII of the Civil Rights Act of 1991, Sec. 102, as amended in 42 U.S.C.A. Section 1981a

20.    Plaintiff Scott repeats, re-alleges, and incorporates by reference paragraphs 1-19 above and further avers that the race discrimination by the Defendants was affected

with the design, intent and purpose of removing her from her employment with Defendant, due to her African American race. Plaintiff Scott also avers that the personnel actions taken against her violated Plaintiff's right to be free from race discrimination in employment in violation of Title VII of the Civil Rights Act of 1991, Sec. 102, as amended in 42 U.S.C.A. Section 1981a.

21.    Plaintiff Scott avers that she has pursued and exhausted her administrative remedies.

22.    Plaintiff Scott avers that she has lost income and benefits and suffered mental anguish as a result of Defendant's wrongful actions towards her.

23.    Plaintiff Scott also avers that Defendant's action against her was willful and wanton and that therefore an award of punitive damages is appropriate.

WHEREFORE, premises considered, Plaintiff Scott respectfully prays that this Honorable Court will take jurisdiction of this case and grant the following relief:

a)    A judgment declaring that Plaintiff Scott was discriminated against by the Defendant due to her African American race;

b)    An injunction requiring Defendant to grant Plaintiff Scott all employment benefits and other rights to which she may be entitled, had she not been a victim of African American race discrimination.

c)    A judgment awarding Plaintiff Scott such compensatory and punitive damages as this Court may deem just and proper under the facts and circumstances of this case;

d)    An award of all court costs and reasonable attorney fees; and

e)     Such further, other or different relief, as the Court may deem appropriate and necessary.

## COUNT III

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEC. 704(a).

## as amended in 42. U.S.C.A. Sec. 2000(e) et seq.

24.  Plaintiff Scott repeats, re-alleges, and incorporated by reference paragraphs 1-23 above, and further avers that the retaliation towards her by the Defendant was effected with the design, intent, and purpose of subjecting Plaintiff Scott to a hostile work environment.

25.   Plaintiff Scott also avers that she has pursued her administrative remedies.

26.  Plaintiff Scott avers that she has lost income and benefits and suffered mental anguish as a result of Defendant's actions against her were willful and wanton, such that an award of punitive damages is appropriate.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Scott respectfully prays that this Court grant the following relief;

a)  A judgment declaring that Plaintiff Scott was subjected to a hostile work environment by the Defendant.

b)   A judgment awarding Plaintiff Scott such compensatory and punitive damages to which she may be entitled;

c  A judgment restoring all other benefits that would have been available to Plaintiff Scott, had this retaliation not occurred.

d)  A judgment awarding Plaintiff Scott her costs in this action, including reasonable attorney's fees; and

e)  A judgment granting Plaintiff Scott such other, further, and different relief to which he may be entitled.

## COUNT IV
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEC. 704(a).
## as amended in 42. U.S.C.A. Sec. 2000(e) et seq.

27.  Plaintiff Scott repeats, re-alleges, and incorporates by reference paragraphs 1-26 above, and further avers that the retaliation towards her by the Defendant was effected with the design, intent, and purpose of retaliating against Plaintiff due to her reporting discrimination and because of her race and sex.

28.  Plaintiff Scott also avers that she has pursued her administrative remedies. Plaintiff Scott avers that she has lost income and benefits and suffered mental anguish as a result of Defendant's wrongful actions toward her.

29.  Plaintiff Scott also avers that Defendant's actions against her were willful and wanton, such that an award of punitive damages is appropriate.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Scott respectfully prays that the Court grants the following relief;

a)  A judgment declaring that Plaintiff Scott was retaliated against by the Defendant due to the Plaintiff reporting discrimination.

b)    An injunction restraining the Defendant from further retaliation against Plaintiff Scott.

c)    A judgment awarding plaintiff Scott such compensatory and punitive damages to which she may be entitled;

d)    A judgment restoring all other benefits that would have been available to Plaintiff Scott, had this retaliation not occurred.

e)    A judgment awarding Plaintiff Scott her costs in this action, including reasonable attorney's fees; and

f)    A judgment granting Plaintiff Scott such other, further, and different relief to which she may be entitled.

## STATE CAUSES OF ACTION

## COUNT V

## FRAUD, CODE OF ALABAMA SECTION 6-5-101

30.    Plaintiff Scott repeats, re-alleges, and incorporates by reference paragraphs 1-29 above and further avers that the fraudulent misrepresentation was effected with the design, intent, and purpose of denying her an opportunity to retire, to gain economically, and to damage Plaintiff financially.

31.    Plaintiff Scott avers that she has been damaged by the fraudulent misrepresentation and that said fraud is in violation of the Code of Alabama Section 6-5-101 et seq.

WHEREFORE, premises considered Plaintiff demands judgment against Defendant for such amount of actual, compensatory and punitive damages as a jury deems just and

reasonable to punish the Defendant for the harm done to Plaintiff Scott and to prevent said Defendant and other similarly situated person(s) from committing similar wrongs within the borders of the State of Alabama, but in the sum of not less than One Hundred Thousand ($100,000.00) Dollars.

## COUNT VI

## DEFAMATION, CODE OF ALABAMA, SECTION 6-5-182

32. Plaintiff Scott repeats, re-alleges, and incorporates by reference paragraphs 1-31 above and further avers that Defendant with the design, intent and purpose of destroying Plaintiff's reputation and ability while keeping her from gaining financially.

WHEREFORE, premises considered Plaintiff demands judgment against Defendants for such amount of actual, compensatory and punitive damages as a jury deems just and reasonable to punish the Defendant for the harm done to Plaintiff Scott and to prevent said Defendant and other similarly situated person(s) from committing similar wrongs within the borders of the State of Alabama, but in the sum of not less than One Hundred Thousand ($100,000.00) Dollars.

Respectfully submitted this 29th day of December , 2006.

_Karen A. Scott_
Karen A. Scott

_Karen Sampson Rodgers_
Karen Sampson Rodgers, Esq. (SAM018)

Page 10 of 11

OF COUNSEL:
KAREN SAMPSON RODGERS, LLC
ATTORNEY AT LAW
459 SOUTH McDONOUGH STREET, STE. 5
MONTGOMERY, ALABAMA 36104-4354
(334) 262-6481 PHONE
(334) 262-6482 FAX
karensamrodgers@yahoo.com

A jury trial is requested on all issues so triable

Of Counsel