## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| KAREN A. SCOTT | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| | ) | **2:06-CV-1157-WKW** |
| v. | ) | |
| | ) | |
| WHITFIELD FOODS, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO COMPEL

COMES NOW  Defendant Whitfield Foods, Inc. ("Defendant"), pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure, and moves this court to enter an Order compelling Plaintiff to respond to Defendant's outstanding discovery requests and provide the required computation of damages under Rule 26. In support of this Motion, Defendant shows unto the Court the following:

1.      On February 1, 2007, Defendant served upon Plaintiff Interrogatories and Requests for Production.  Copies of these Interrogatories and Requests for Production are attached hereto as Exhibit A.

2.      Plaintiff did not respond to the discovery within thirty days of service.

3.      On March 2, 2007, Plaintiff served upon Defendant her Initial Disclosures.  Instead of providing the specific calculation fo damages required by the

Rules, Plaintiff referred Defendant to the general claims for damages in Plaintiff's Complaint. A copy of Plaintiff's Initial Disclosures is attached hereto as Exhibit B.

4.    On March 20, 2007, Defendant requested that Plaintiff supplement her Initial Disclosures, on or before March 27, 2007, to provide the required damages calculation. A copy of Defendant's correspondence is attached hereto as Exhibit C. Plaintiff did not respond to Defendant's request for supplementation.

5.    On April 3, 2007, Defendant requested that Plaintiff provide Answers and Responses to Defendant's outstanding discovery and supplement her damages calculation on or before April 11, 2007. A copy of counsel's correspondence is attached hereto as Exhibit D. Plaintiff did not respond to Defendant's requests.

6.    To date, Plaintiff has failed to provide Answers and Responses to Defendant's outstanding discovery and the computation of damages required by Rule 26.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court enter an Order compelling Plaintiff to respond to Defendant's outstanding discovery and supplement her Initial Disclosures within seven days of this Court's Order.

Respectfully submitted,

s/Carter H. Dukes
Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Whitfield Foods, Inc.

**OF COUNSEL:**
**HUCKABY SCOTT & DUKES, P.C.**
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Karen Sampson Rodgers
> Karen Sampson Rodgers, LLC
> 459 South McDonough Street, Suite 5
> Montgomery, Alabama 36104-4354

DONE this the 16th day of April, 2007.

/s/ Carter H. Dukes

Of Counsel

40686.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **KAREN A. SCOTT** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO.:** |
| **v.** | ) **2:06-CV-1157-WKW** |
| | ) |
| **WHITFIELD FOODS, INC.** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S FIRST REQUESTS FOR PRODUCTION**
**OF DOCUMENTS TO PLAINTIFF**

COMES NOW Defendant Whitfield Foods, Inc. (hereafter referred to as "Whitfield" or "Defendant"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, and propounds the following requests for production upon Plaintiff Karen A. Scott:

**INTRODUCTION**

(a)     Each discovery request seeks information or documents available to Plaintiff, her attorneys or agents and all persons acting on her behalf. Each discovery request shall be deemed to be continuing in the manner provided by law.

(b)     If any document or identification of any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, Plaintiff should provide sufficient information to determine the identity of the document and, as well, state the basis for any asserted claim of privilege.

(c)     If Plaintiff objects to part of discovery request and refuses to answer that part, she should state her objection and answer the remaining portion of that discovery request. If Plaintiff objects to the scope or time period of discovery request and refuses to answer for that scope or time

period, she should state her objection and answer the discovery request for the scope or time period

Plaintiff believes is appropriate.

(d)     If any of the following discovery requests cannot be answered in full after exercising

due diligence to obtain the information, Plaintiff should so state and answer to the extent possible,

specifying the inability to answer the remainder, and setting forth the information that is available

concerning the unanswered portions. If the answers are qualified in any particular, the details of such

qualification should be set forth.

## DEFINITIONS

For purposes of these requests for production and as used herein, the following words shall

have, and be construed with reference to, the following meanings and definitions:

(a)     "Communication" means any correspondence, contact, discussion, or written or oral

exchange between any two or more persons.    Without limiting the foregoing, the term

"communication" includes all letters, memoranda, telephone conversations, face-to-face

conversations, meetings, visits and conferences.

(b)     "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best

approximation (including relationship to other events).

(c)     "Document" and "documents" shall mean all documents subject to discovery under

the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-

identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype,

telex, telecopy, facsimile transmission, drawing, picture, photograph, negative, slide, movie, film,

visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not

limited to, notes used to prepare any letter, memorandum, report, or other document as herein

defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of

telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

(d)     "Facts" include, but are not limited to, events, transactions, and occurrences, the location of such events, transactions, or occurrences, all of which relate to, concern, or are concerned with, in any way whatsoever, directly or indirectly, the discovery request subject.

(e)     "Identify" when used in reference to a natural person shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phon number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

(f)     "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(g)    "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

(h)    "You" and "your" shall mean Karen Scott or any persons, entities, agents, or representatives acting or purporting to act for or on her behalf.

(i)    "Defendant" shall mean Whitfield Foods, Inc., or any persons, entities, agents or representatives you contend act on its behalf.

## DOCUMENT REQUESTS

1.    Produce all documents that support your contentions in this case.

2.    Produce all documents containing, evidencing, referring to or relating to communications (whether written or oral) between you and Defendant, or any of its agents or employees, concerning or relating in any way to your employment with or termination from Defendant or the subject matter of this lawsuit.

3.    Produce all documents identified in response to Defendant's First Interrogatories to Plaintiff.

4.    Produce all documents referred to in responding to Defendant's First Interrogatories to Plaintiff.

5.    Produce all documents provided to or received from any expert witness whom you expect to call at trial, including all documents evidencing communications between you and your counsel on one hand and your expert witness on the other.

6.    Produce a copy of any lawsuit previously filed by or against you in the last fifteen years.

7.    Produce a copy of any document referring or relating to any reprimand received by you from any employer.

8.      Produce a copy of any document that you intend to introduce or refer to at the trial of this case.

9.      Produce every document which evidences, refers or relates to communications between you and any other individual, other than your lawyer, with whom you have consulted about the subject of this lawsuit.

10.     Produce each and every document which supports or relates to your claims for damages in this lawsuit, including, but not limited to, any damages relating to mental anguish and lost wages.

11.     Produce any and all tape recordings or statements of any witness relating to your employment with Defendant and your claims in this lawsuit.

12.     Produce any calendar, journal, diary, handwritten notes, or other memoranda which reference the allegations made in the Complaint or your employment with Defendant.

13.     Produce all tape recordings, whether audio or visual, or statements of any former or present employee or agent of Defendant.

14.     Produce all state and federal tax returns from 2000 to present, including all attachments thereto.

15.     Produce all documents that evidence, refer, or relate to your employment with and separation from Defendant.

16.     Provide a signed Consent and Authorization for the Release of Records and Information directed to "Custodian of Records" (a form for which is attached to this Request as Exhibit A) listing Huckaby Scott and Dukes, P.C., Birmingham, Alabama, as designated recipient of the information, which will then be directed to your medical providers.

17.     Provide a signed Consent for Release of Information directed to the Social Security

Administration (forms for which are attached to this Request as Exhibits B and C) listing Huckaby Scott & Dukes, P.C., Birmingham, Alabama, as designated recipient of the information.

18.     Produce copies of all documents reflecting any job offer extended to you, or any effort by you to procure employment, while employed by Defendant or subsequent to your employment with Defendant or any of its affiliated companies, including, but not limited to, employment applications, resumés, correspondence, notes, memoranda, and documents from an prospective employer from which employment was sought regarding interviews, applications, offers of employment, and rejections of applications for employment.

19.     Produce all documents that evidence, refer, or relate to your application for unemployment compensation, welfare, or public assistance benefits, disability benefits, social security benefits, health insurance benefits, or other governmental or charitable benefits received by you from January 1, 2003 to present.

20.     Produce copies of all documents that evidence, refer, or relate to any other sources of income received by you from January 1, 2003 to the present, including, but not limited to, unemployment compensation, "welfare" or "public assistance" benefits, disability benefits, social security benefits, health insurance benefits, or other governmental or charitable benefits received by you.

21.     Produce all W-2 forms, 1099's, paycheck stubs and all other documents reflecting the sources, amounts and changes in amounts of your income from any source other than Defendant, from and including 1999 to the present.

22.     Produce all documents that evidence, refer, or relate to any prescription for drugs received by you from January 1, 2003 to the present, whether filled or not, including documents evidencing the identity of the pharmacist, physician, and payment for the prescription drug.

Respectfully submitted,

Carter H. Dukes
Attorney for Defendant
Whitfield Foods, Inc.

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

Karen Sampson Rodgers
Karen Sampson Rodgers, LLC
459 South McDonough Street, Suite 5
Montgomery, Alabama 36104-4354

DONE this the 31st day of FEB 2007.

Of Counsel

39914

## EXHIBIT A

---

## AUTHORIZATION AND RELEASE FOR MEDICAL RECORDS AND INFORMATION

I, Karen A. Scott, hereby authorize all holders of all information relating to the medical diagnosis and treatment of KAREN A. SCOTT (the "Medical Information") to disclose the Medical Information to and for the use of HUCKABY, SCOTT & DUKES, P.C., and any of their agents or designees (the "Recipients"). By way of example, the Medical Information includes, but is not limited to, the following:

All medical records; physicians' records; surgeons' records; x-rays, CAT scans, MRI films, photographs, or other radiological, nuclear medicine or radiation therapy films; pathology materials, slides or tissues; laboratory reports; discharge summaries; progress notes; consultations; prescriptions; records of drug abuse and alcohol abuse; HIV/AIDS diagnosis or treatment; physicals and histories; nurses' notes; patient intake forms; correspondence; social workers' records; insurance records; consents for treatment; statements of account bill; bills; invoices; and any other documents concerning any treatment, examination, periods of stays of hospitalization, confinement, diagnosis or other information concerning the physical or mental condition of Karen A. Scott.

In addition, I hereby authorize any healthcare provider with Medical Information to discuss orally the Medical Information with the Recipients. The Medical Information may be disclosed to and used by the Recipients in connection with a civil lawsuit brought by myself, my relatives, or my heirs.

I understand that the Medical Information is confidential and that HIV/AIDS diagnosis and treatment records, and drug and alcohol abuse treatment records, are accorded specific protection by federal and/or state laws and regulations. By signing this authorization, I consent to the disclosure to and use by the Recipients of all Medical Information, including HIV/AIDS diagnosis and treatment records, and drug and alcohol abuse treatment records. You are hereby released from any and all liability in connection with your disclosure of Medical Information to the Recipients. I understand that, except as otherwise stated in this authorization, information disclosed pursuant to this authorization may be subject to re-disclosure by the Recipients and may no longer be protected by privacy laws and regulations.

THIS PARAGRAPH APPLIES ONLY TO A PARTY REQUESTING EITHER HIV/AIDS INFORMATION FROM THE VETERANS ADMINISTRATION OR DRUG AND ALCOHOL ABUSE AND TREATMENT INFORMATION FROM ANY SOURCE: Prohibition on Re-disclosure. This information is being disclosed to you from records protected by federal confidentiality rules. The federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person who is the subject of the information or is otherwise permitted by 42 C.F.R. Part 2 or 38 C.F.R. Part1. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute

any alcohol or drug abuse patient or patient with sickle cell anemia or HIV infection.

This authorization is continuing in nature and is to be given full force and until this authorization expires two years after it is signed. Notwithstanding the immediately preceding sentence, I understand that I may revoke this authorization at any time prior to its expiration by sending written notice of revocation to Huckaby Scott & Dukes, P.C., except to the extent that action already has been taken in reliance on this authorization.

You may produce your records by mailing copies to Carter H. Dukes, Huckaby Scott & Dukes, P.C., 2100 Third Avenue North, Suite 700, Birmingham, Alabama 35203. Huckaby, Scott & Dukes, P.C. will bear all reproduction costs.


_____          _____
Signature of Patient or Patient                                Date
Representative


___Karen A. Scott_____
Name of Patient


_____
Former/Alias/Maiden Name of Patient


_____
Patient's Date of Birth


_____
Patient's Address


_____          _____
Name of Patient Representative                          Description of Authority to Act for
(if applicable)                                                       Patient

40073

## EXHIBIT B

Form Approved
OMB No. 0960-0566

**Social Security Administration**
Consent for Release of Information
**TO:**    Social Security Administration

| Karen A. Scott | 5/15/1970 | 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 |
|---|---|---|
| Name | Date of Birth | Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

| NAME | ADDRESS |
|---|---|
| Carter H. Dukes and the law firm of | 2100 Third Avenue North |
| Huckaby Scott & Dukes, P.C. | Suite 700 |
| | Birmingham, Alabama 35203 |

I want this information released because:
Karen A. Scott v. Whitfield Foods, Inc. In the United States District Court for the Middle District of Alabama, Northern Division, Case No. 2:06-CV-1157-WKW.

(There may be a charge for releasing information.)

Please release the following information:

|     | |
|---|---|
| _____ | Social Security Number |
| X | Identifying information (includes date and place of birth, parents' names) |
| X | Monthly Social Security benefit amount |
| X | Monthly Supplemental Security Income payment amount |
| X | Information about benefits/payments I received from _____ to _____ |
| X | Information about my Medicare claim/coverage from _____ to _____ |
| | (specify) _____ |
| X | Medical records |
| X | Record(s) from my file (specify) _____ |

__X__    Other (specify) Any and all records or other documents of any nature, prepared at any time that evidence, refer or relate to Karen A. Scott.

I am the individual to whom the information/record applies or that person's
parent (if a minor) or legal guardian. I know that if I make any representation
which I know is false to obtain information from Social Security records, I could
be punished by a fine or imprisonment or both.

Signature: _____
(Show signatures, names, and address of two people if signed by mark.)
Date: _____ Relationship: _____
    Form **SSA-3288** (2-1991) EF (1-2001)

Form Approved
OMB No. 0960-0566

**Social Security Administration**
## Consent for Release of Information

Please read these instructions carefully before completing this form.

| | |
|---|---|
| **When to Use This Form** | **Compete this form only if you want the Social Security Administration to give information or records about you to an individual or group (for example, a doctor or an insurance company).** |
| | **Natural or adoptive parents or a legal guardian, acting on behalf of a minor**, who want us to release the minor's: |
| | • **nonmedical** records, should use this form. |
| | • medical records, should not use this form, but should contact us. |
| | Note: Do not use this form to request information about your earnings or employment history. To do this, complete Form SSA-7050-F3. You can get this form at any Social Security office. |
| **How to Complete This Form** | This consent form must be completed and signed only by: |
| | • the person to whom the information or record applies, or |
| | • the parent or legal guardian of a minor to whom the **nonmedical** information applies, or |
| | • the legal guardian of a legally incompetent adult to whom the information applies. |
| | To complete this form: |
| | • Fill the name, date of birth, and Social Security Number of the person to whom the information applies. |
| | • Fill in the name and address of the individual or group to which we will send the information. |
| | • Fill in the reason you are requesting the information. |
| | • Check the type(s) of information you want us to release. |
| | • Sign and date the form. If you are not the person whose record we will release, please state your relationship to that person. |

**PAPERWORK REDUCTION ACT:** This information collection meets the clearance requirements of 44 U.S.C. §3507, as amended by Section 2 of the Paperwork Reduction Act of 1995. You are not required to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take you about 3 minutes to read the instructions, gather the necessary facts, and answer the questions.

Form **SSA-3288** (2-1991) EF (1-2001)

40075

# REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. From whose record do you need the earnings information?

Print the Name, Social Security Number (SSN), and date of birth below.

Name   Karen Scott

Social Security Number   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

Other Name(s) Used
(Include Maiden Name)

Date of Birth
(Mo/Day/Yr) 5/15/1970

2. What kind of information do you need?

[X] **Detailed Earnings Information**
(If you check this block, tell us below
why you need this information.)

For the period(s)/year(s): 1996 – 2006

[X] **Certified Total Earnings For Each Year.**
(Check this box only if you want the information
certified. Otherwise, call 1-800-772-1213 to
request Form SSA-7004, Request for Earnings
and Benefit Estimate Statement)

For the year(s): 1996 – 2006

3. If you owe us a fee for this detailed earnings information, enter the amount due
using the chart on page 3 · · · · · · · · · · · · · · · · · · · · · · · · · · A. $ 35.00

Do you want us to certify the information?   [X] Yes   [ ] No

If yes, enter $15.00 · · · · · · · · · · · · · · · · · · · · · · · · · · · · B. $ 15.00

ADD the amounts on lines A and B, and
enter the TOTAL amount · · · · · · · · · · · · · · · · · · · · · · · · · · C. $ 50.00

- You can pay by CREDIT CARD by completing and returning the form on page 4, or
- Send your CHECK or MONEY ORDER for the amount on line C with the request
  and make check or money order payble to "Social Security Administration"
- DO NOT SEND CASH.

4. **I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that
individual). I declare under penalty of perjury that I have examined all the information on this form, and on
any accompanying statements or forms, and it is true and correct to the best of my knowledge.**

SIGN your name here
(Do not print)  > _____   Date _____

Daytime Phone Number _____ _____
(Area Code) (Telephone Number)

5. Tell us where you want the information sent. (Please print)

Name   Carter H. Dukes, Esq.   Address 2100 Third Ave North, Ste. 700

City, State & Zip Code Birmingham, Alabama 35203

6. Mail Completed Form(s) To:

| | |
|---|---|
| Social Security Administration<br>Division of Earnings Record Operations<br>P.O. Box 33003<br>Baltimore Maryland  21290-3003 | **Exception:** If using private contractor (e.g., FedEx) to mail form(s), use:<br><br>Social Security Administration<br>Division of Earnings Record Operations<br>300 N. Greene St.<br>Baltimore Maryland  21290-0300 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **KAREN A. SCOTT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:06-CV-1157-WKW** |
| | ) | |
| **WHITFIELD FOODS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

COMES NOW Defendant Whitfield Foods, Inc. (hereafter referred to as "Defendant" or "Whitfield"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, and propounds the following interrogatories upon Plaintiff Karen A. Scott:

### INTRODUCTION

(a)    Each interrogatory seeks information available to Plaintiff, her attorneys or agents and all persons acting on her behalf. Each interrogatory shall be deemed to be continuing in the manner provided by law.

(b)    If any document or identification of any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, Plaintiff should provide sufficient information to determine the identity of the document and, as well, state the basis for any asserted claim of privilege.

(c)    If Plaintiff objects to part of an interrogatory and refuses to answer that part, she should state her objection and answer the remaining portion of that interrogatory. If Plaintiff objects

1

to the scope or time period of an interrogatory and refuses to answer for that scope or time period, she should state her objection and answer the interrogatory for the scope or time period Plaintiff believes is appropriate.

(d)    If any of the following interrogatories cannot be answered in full after exercising due diligence to obtain the information, Plaintiff should so state and answer to the extent possible, specifying the inability to answer the remainder, and setting forth the information that is available concerning the unanswered portions. If the answers are qualified in any particular, the details of such qualification should be set forth.

## DEFINITIONS

For purposes of these interrogatories and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

(a)    "Communication" means any correspondence, contact, discussion, or written or oral exchange between any two or more persons.    Without limiting the foregoing, the term "communication" includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits and conferences.

(b)    "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

(c)    "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, drawing, picture, photograph, negative, slide, movie,

2

film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

(d)    "Facts" include, but are not limited to, events, transactions, and occurrences, the location of such events, transactions, or occurrences, all of which relate to, concern, or are concerned with, in any way whatsoever, directly or indirectly, the interrogatory subject.

(e)    "Identify" when used in reference to a natural person shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify"

3

means to state the date, time and place such communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

(f)    "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(g)    "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

(h)    "You" and "your" shall mean Karen Scott or any persons, entities, agents, or representatives acting or purporting to act for or on her behalf.

(i)    "Defendant" shall mean Whitfield Foods, Inc. or any persons, entities, agents, or representatives you contend act on its behalf.

## INTERROGATORIES

1.    Please identify all persons having knowledge, directly or indirectly, of facts concerning the issues, claims and defenses in this lawsuit, and with respect to each such person, please set forth those facts of which the person has knowledge.

2.    Please identify every person, other than your attorneys, with whom you have mentioned, discussed, or communicated in any way about this lawsuit or the claims made in this lawsuit and identify every document evidencing such communication.

3.    Please identify every legal action in which you have participated, including criminal, civil, and bankruptcy cases, whether as a witness, party, expert, or other type of participant, and with respect to each legal action, please state:

4

        (a)    the nature of your participation in the legal proceedings; and

        (b)    the style of the case, including the name of the court and jurisdiction where the case was filed.

4.    Identify any and all documents you contend support your claims in this action.

5.    Identify each person, firm or corporation, including, but not limited to, Defendant, for whom you have worked from 1996 to the present, and further state or identify with particularity and specificity:

        (a)    the kind of work done for with each such employer;

        (b)    the date on which you began working for each such employer;

        (c)    the amount of compensation received from each employer for your services;

        (d)    on what date you stopped working for each such employer;

        (e)    the reason you stopped working for each such employer; and

        (f)    the name of your immediate supervisor at each place of employment.

6.    Identify each person from whom you, or anyone acting on your behalf, has obtained written, recorded, or oral statement concerning or relating to the events alleged in your Complaint or evidence the claims made in the Complaint, and state the date on which such statement was obtained and who has possession of each such statement.

7.    Please identify all doctors, psychiatrists, counselors, medical care providers, and practitioners of the healing arts, who treated, saw, counseled, advised or examined you in the last ten years, and list all relevant dates on which you received treatment or were examined, and the medical condition or the symptoms for which you were treated or examined.

8.    With respect to the damages you claim in this action, state the following:

5

(a)    whether the alleged injuries suffered are physical, mental or economic;

(b)    whether the damages sought pursuant to each count are compensatory, punitive or both;

(c)    For each "category" of damages you allege you have incurred in answer to interrogatory 8(a) and (b), please provide the total amount of monetary damages that you seek for each "category" and describe with particularity the entire calculation, step by step, setting forth each of the factors and figures upon which you rely to derive such amount of damages for each category;

(d)    If any of the damages used in the calculations above are estimates, describe with particularity the precise and complete basis for each such estimate; and

(e)    Identify each and every document relied upon in determining each amount.

9.    Identify all notes, diaries, or other writings made by you relating to your claims in this lawsuit.

10.    Identify every recording, whether audio or video, you have made of any employee or agent of Defendant or that otherwise evidences your claims in this lawsuit.

11.    Please identify each person you expect to call as an expert at the trial of this action and for each such person, provide the substance of that expert's expected testimony, identify all documents used by the expert to support his or her testimony, identify all reports or opinions issued or written by each expert, provide each and every curriculum vitae or resumé used by said expert within the last five years, and provide a list of all cases in which the expert has testified either by deposition or at trial within the last five years.

12.    Identify any nicknames, aliases, or other names which you have used and the period

6

of time in which you used each name.

13. If you have ever pled guilty to or been convicted of any crime other than a minor traffic violation, for each such conviction or guilty plea, state:

        (a) the nature of the offense;

        (b) the date of the offense;

        (c) the county and state in which you were convicted, tried, or pled; and

        (d) the sentence you received from your conviction or plea.

14. Identify, by name and address, every entity that extended an offer of employment to you since January 1, 2000 and with regard to each offer extended, state the following:

        (a) the date on which the offer of employment was made;

        (b) the identity of the individual extending the offer;

        (c) the terms of the offer; and

        (d) your response to the offer, the date when you relayed your response, and to whom you relayed your response.

15. Identify every entity or individual from whom you have sought employment from January 1, 2000 to the present, regardless whether such employment was part time or temporary, and identify every document that evidences, refers, or relates to your efforts to seek such employment.

16. Identify each and every source of income you have received from January 1, 2003 and for each source identified please state the amount of income received and the month in which it was received.

17. If you have ever applied for social security benefits for an alleged disability, please

7

state the basis of the claim, the nature of the disability, the extent of the disability, and the dates that

the disability benefits began and were terminated.

Respectfully submitted,

Carter H. Dukes
Attorney for Defendant
Whitfield Foods, Inc.

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing
a copy of same in the United States mail, first class postage prepaid and addressed as follows:

Karen Sampson Rodgers
Karen Sampson Rodgers, LLC
459 South McDonough Street, Suite 5
Montgomery, Alabama 36104-4354

DONE this the 1st day of Feb 2007.

Of Counsel

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **KAREN A. SCOTT,** | ( | |
| | ) | |
| **Plaintiff,** | ( | |
| | ) | |
| **vs.** | ( | **CIVIL ACTION NO.:** |
| | ) | **2:06-CV-1157-WKW** |
| | ( | |
| **WHITFIELD FOODS, INC.,** | ) | |
| | ( | |
| **Defendant.** | ) | |

### INITIAL DISCLOSURES

COMES NOW Plaintiff Karen A. Scott, ("Plaintiff") and, pursuant to Rule 26 (a)

(1) and (2) of the Federal Rules of Civil Procedure, make the following required

disclosures:

### PERSONS WITH DISCOVERABLE INFORMATION

Pursuant to Rule 26(a) (1)(A) of the Federal Rules of Civil Procedure, Defendant

currently believes that the following individuals have discoverable personal knowledge

concerning significant factual issues specifically raised in the pleadings:

- Karen A. Scott
  c/o Karen Sampson Rodgers
  459 South McDonough St., Ste. 5
  Montgomery, Alabama 36104
  (334) 262-6481
  Plaintiff's claims and alleged damages

- George Lewis
  c/o Carter H. Dukes
  2100 Third Avenue North, Ste. 700
  Birmingham, Alabama 35203
  (205) 251-2300

Plaintiff's employment with and termination of employment, from Defendant,
Plaintiff's work performance, and communications with Plaintiff

- Tawanna Palmer
  c/o Carter H. Dukes
  2100 Third Avenue North, Ste. 700
  Birmingham, Alabama 35203
  (205) 251-2300
  Plaintiff's work performance and communications with Plaintiff

- Larry Jones
  c/o Carter H. Dukes
  2100 Third Avenue North, Ste. 700
  Birmingham, Alabama 35203
  (205) 251-2300
  Plaintiff's employment with and termination of employment from Defendant,
  Plaintiff's work performance, and communication with Plaintiff

- Sise Jones
  c/o Carter H. Dukes
  2100 Third Avenue North, Ste. 700
  Birmingham, Alabama 35203
  (205) 251-2300
  Plaintiff's employment with and termination of employment from Defendant,
  Plaintiff's work performance, and communication with Plaintiff

- Bobby Stanford
  c/o Carter H. Dukes
  2100 Third Avenue North, Ste. 700
  Birmingham, Alabama 35203
  (205) 251-2300
  Plaintiff's work performance and communications with Plaintiff

- Linda Thomas
  c/o Carter H. Dukes
  2100 Third Avenue North, Ste. 700
  Birmingham, Alabama 35203
  (205) 251-2300
  Plaintiff's work performance and communications with Plaintiff

- Teesha Murry
  c/o Carter H. Dukes
  2100 Third Avenue North, Ste. 700
  Birmingham, Alabama 35203
  (205) 251-2300

Plaintiff's work performance and communications with Plaintiff

- Louie Whitfield
  c/o Carter H. Dukes
  2100 Third Avenue North, Ste. 700
  Birmingham, Alabama 35203
  (205) 251-2300
  Plaintiff's employment with and termination of employment from Defendant,
  Plaintiff's work performance, and communication with Plaintiff

Plaintiff reserves the right to update witnesses.

## RELEVANT DOCUMENTS

Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff

through its counsel of record, has available for inspection and copying all documents,

data, compilations, and tangible things in their possession, custody or control that may

be used by it to support its contentions with respect to any significant factual issues in

this case.

## INSURANCE AGREEMENT

Not applicable Defendant need to supply Plaintiff with the name of his

insurance carrier.

## DAMAGES

All damages requested in complaint.

Respectfully submitted,

Karen Sampson Rodgers
Attorney for Plaintiff

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Ste. 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

> Carter H. Dukes
> 2100 Third Avenue North, Ste. 700
> Birmingham, Alabama 35203
> (205) 251-2300

Done this the 2nd day of March 2007.

Of Counsel

LAW OFFICES

## HUCKABY SCOTT & DUKES, P.C.

2100 THIRD AVENUE NORTH, SUITE 700
BIRMINGHAM, ALABAMA 35203

———

TELEPHONE (205) 251-2300
FACSIMILE (205) 251-6773
WWW.HSDPC.COM

CARTER H. DUKES

WRITER'S DIRECT DIAL: 205-244-2502
E-MAIL ADDRESS: CHD@HSDPC.COM

March 20, 2007

**VIA U.S. MAIL**
Karen Sampson Rodgers, Esq.
Karen Sampson Rodgers, LLC
459 South McDonough Street, Suite 5
Montgomery, Alabama 36104-4209

> **Re:** ***Karen Scott v. Whitfield Foods***
> **In the Circuit Court of Montgomery County, Alabama**
> **Case Number: CV-06-2269**
>
> ***Karen Scott v. Whitfield Foods***
> **In the United States District Court for the Middle District of Alabama,**
> **Southern Division**
> **Case Number: CV-06-1157**

Dear Karen:

I am in receipt of Plaintiff's Initial Disclosures in the federal court action. Rule 26 requires the parties to provide a calculation or computation of the parties claimed damages. As such, pursuant to Rule 26, please identify the category of damages claimed by Plaintiff, a computation for those damages, and provide me with all documents evidencing said damages. As to the relevant documents, please produce those documents to me, including any tape recordings that you might have relating to any conversation Plaintiff may have had with any current or former employee of Whitfield Foods. As to the state court action, please provide me with any and all documents that are responsive to Plaintiff's request for production that have not yet been produced, including any tape recordings of current or former employees of Whitfield Foods. I will be glad to pay any reasonable copying expense.

Karen Sampson Rodgers, Esq.
March 20, 2007
Page 2

This letter is written pursuant to Rule 37 of the Federal Rules of Civil Procedure to request Plaintiff's voluntary compliance in responding to discovery without the necessity of seeking court intervention. If I do not receive these documents or further computation of Plaintiff's damages as outlined above by March 27, 2007, I will file a Motion to Compel with the respective courts. If you need additional time, please let me know.

Sincerely yours,

Carter H. Dukes

CHD/sdq/40376.1

LAW OFFICES

# HUCKABY SCOTT & DUKES, P.C.
2100 THIRD AVENUE NORTH, SUITE 700
BIRMINGHAM, ALABAMA 35203

TELEPHONE (205) 251-2300
FACSIMILE (205) 251-6773
WWW.HSDPC.COM

CARTER H. DUKES

WRITER'S DIRECT DIAL: 205-244-2502
E-MAIL ADDRESS: CHD@HSDPC.COM

April 3, 2007

**VIA U.S. MAIL**
Karen Sampson Rodgers, Esq.
Karen Sampson Rodgers, LLC
459 South McDonough Street, Suite 5
Montgomery, Alabama 36104-4209

> Re:  *Karen Scott v. Whitfield Foods*
> **In the United States District Court for the Middle District of Alabama,**
> **Southern Division**
> **Case Number: CV-06-1157**

Dear Karen:

On February 1, 2007, we served Plaintiff with Defendant's First Interrogatories and Requests for Production of Documents. To date, we have not received Plaintiff's responses. Additionally, on March 20, 2007, we requested that Plaintiff supplement her initial disclosures with a computation of damages claimed in this action by March 27, 2007. Again, to date, we have not received Plaintiff's supplementation.

This letter is written pursuant to Rule 37 of the Federal Rules of Civil Procedure to request Plaintiff's voluntary compliance in responding to discovery without the necessity of seeking court intervention. If we do not receive responses to these discovery requests and a computation of Plaintiff's claimed damages by April 11, 2007, we will be forced to file a Motion to Compel with the Court. If you need additional time, please let me know.

Sincerely yours,

Carter H. Dukes