IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAREN A. SCOTT ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| ) | 2:06-CV-1157-WKW |
| v. ) | |
| ) | |
| WHITFIELD FOODS, INC. ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

COMES NOW Defendant Whitfield Foods, Inc. ("Defendant"), in response to Plaintiff's Response to Defendant's Motion to Compel, and submits this Reply in further support of Defendant's Motion to Compel.

### ARGUMENT

In her Response, Plaintiff contends that she has provided Defendant with responses to Defendant's discovery and copies of all tape recordings and pictures. Notwithstanding Plaintiff's contentions, as of the date of this filing, Defendant has not received any answers or responses to its outstanding discovery. Nor has Defendant received copies of Plaintiff's tape recordings and pictures. Plaintiff's contention that she has provided responses in a different case, pending in state court, does not excuse her from compliance with the Federal Rules of Civil Procedure in

this case. Similarly, Rules 33 and 34 impose upon parties an obligation to answer and respond to discovery "within thirty days" after service. It is not Defendant's burden to show, or this Court's duty to find, prejudice in order to compel Plaintiff to answer and respond to discovery in accordance with the Rules.

Nor has Plaintiff complied with the requirements for initial disclosures. Although Plaintiff has provided initial disclosures, wherein she refers Defendant to the claim for damages in her Complaint, this reference to a non-specific list of damages devoid of any calculations does not satisfy the requirements of Rule 26. In her Complaint, which she incorporates to purportedly satisfy her Rule 26 obligations, Plaintiff demands unspecified compensatory and punitive damages of "not less than One Hundred Thousand ($100,000.00) Dollars," but fails to provide any detailed calculation or basis for the figure claimed. Federal case law makes clear that it is Plaintiff's responsibility to "provide a statement of damages, including dollar amounts claimed, to the extent ascertainable at this stage in the litigation." *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 683 (N.D. Ga. 2000); *Zapata v. IBP, Inc.*, No 93-2366, 1995 WL 293931, at *2 (D. Kan. May 10, 1995) ("Subsection 26(a)(1)(C) requires the very early disclosure of detailed information about damages and how they are calculated."). Accordingly, Plaintiff should be compelled to provide a damages calculation that satisfies the requirements of Rule 26.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court enter an Order compelling Plaintiff to respond to Defendant's outstanding discovery and supplement her Initial Disclosures to provide an appropriate damages calculation within seven days of this Court's Order.

Respectfully submitted,

　　　s/Carter H. Dukes　　　
Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Whitfield Foods, Inc.

**OF COUNSEL:**
**HUCKABY SCOTT & DUKES, P.C.**
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Karen Sampson Rodgers
        Karen Sampson Rodgers, LLC
        459 South McDonough Street, Suite 5
        Montgomery, Alabama 36104-4354

DONE this the 1st day of May, 2007.

                                            /s/ Carter H. Dukes
                                                Of Counsel

40791.1