IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAREN A. SCOTT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:06-cv-1157-WKW |
| ) | |
| WHITFIELD FOODS, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon of review and consideration of *Defendant's Motion to Compel* (Doc. 13, filed April 16, 2007), it is

**ORDERED** that *Defendant's Motion to Compel* (Doc. 13) is hereby **GRANTED**. Plaintiff shall provide Defendant with full and complete disclosures under Fed. R. Civ. P. 26. Specifically:

(1) Plaintiff shall provide a specific computation of damages as required under FED. R. CIV. P. 26(a)(1)(C). The lump sum statement of damages of "not less than One Hundred Thousand ($100,000.00) Dollars" as listed in the complaint is insufficient to satisfy this requirement. *See, e.g. City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 683 (N.D. Ga. 2000); *see also Doggett v. Perez*, 2004 U.S. Dist. LEXIS 2958, 2004 WL 2939600 (E.D. Wash. 2004) (stating same proposition). This information

must be based on the information reasonably available at the time. Further, FED. R. CIV. P. 26(e) imposes a continuing obligation to supplement the initial disclosures as new information becomes available.

(2) The Court also agrees with Defendant in that discovery produced in the other state court proceeding has no impact on the discovery requirements in this federal suit. Plaintiff shall provide Defendant copies of the information required under FED. R. CIV. P. 26. The burden rests on Plaintiff to supply Defendant with such information. Defendant should not have to have to conduct a scavenger hunt through Plaintiff's files in order to obtain discovery.

Plaintiff shall satisfy the requirements of this order on or before **May 18, 2007**.

DONE this 7th day of May, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE